02-4425.071-JCD                                                June 11, 2007

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES T. SULLIVAN, not individually but as a Trustee of Plumbers' Pension Fund, Local 130, U.A., et al., | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   No. 02 C 4425 |
| | ) |
| JAMES DIFOGGIO d/b/a JAMES DIFOGGIO PLUMBING COMPANY, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is plaintiffs' motion for entry of supplemental judgment. This is an ERISA action for enforcement of an arbitration decision and award that required James DiFoggio Plumbing Company to make certain contributions to the plaintiffs' funds.

A short history of the case is in order. The original arbitration award issued on February 15, 2002 and based on a collective bargaining agreement required "James DiFoggio Plumbing Company" to, among other things, report hours and pay contributions for Michael DiFoggio (who ran the business at the time) for forty hours each week beginning in March 2002. This case was filed in June 2002, and plaintiffs later filed a motion for summary judgment, which was granted. In December 2003, we entered judgment

in favor of plaintiffs and against defendant "James DiFoggio, individually and d/b/a James DiFoggio Plumbing Company" in the amount of $48,504.85. We further ordered defendant to timely report a minimum of forty hours each week with respect to Michael DiFoggio and pay to the funds contributions based on those hours at the then-prevailing rates, including liquidated damages and any interest that may be due. We retained jurisdiction to enforce the judgment and defendant's continuing obligations thereunder.

In September 2004, plaintiffs moved for entry of a supplemental judgment order for the contributions that should have been paid for Michael DiFoggio for the period of November 1, 2003 through May 31, 2004. The motion was granted, and judgment was entered in favor of plaintiffs and against defendant in the amount of $10,326.38.[1]

In late 2006, plaintiffs again moved for entry of a supplemental judgment order. This time, plaintiffs seek contributions (plus interest and liquidated damages) for Michael DiFoggio for the period of June 1, 2004 through September 30, 2006 in the amount of $68,671.74, as well as attorney's fees in the amount of $15,154.19, for a total of $83,825.93.

Defendant has two primary arguments in response to the motion. The first is that the arbitration award does not bind him because

---

[1] Defendant did not file a response to this motion or appear on the date when the motion was noticed and heard.

it was entered against the corporation J. DiFoggio Plumbing Company, Inc. and not James DiFoggio individually. This argument, which defendant raises for the first time in the long history of this proceeding, is rejected. The arbitration award was not entered against "J. DiFoggio Plumbing Company, Inc.," but against "James DiFoggio Plumbing Company." There is no indication in the text of the award that the company is a corporation, and we know of no presumption that the designation "company" implies corporate status. Moreover, on June 10, 1993, James DiFoggio signed a Memorandum Agreement with the plumbers' union in which he agreed to be bound by the collective bargaining agreement as president of "James DiFoggio Plumbing Co." That form agreement called for the "Full Correct Name of Employer (Business)." (It also stated "Check One: Sole Proprietorship___ Partnership___ Corporation ___", but this section was not completed.) (Complaint, Ex. A.)

More importantly, even if the award could somehow be construed as being entered against a corporation, it is clear that James DiFoggio disregarded the corporate form through his admissions in the instant case. In his answer to the complaint, defendant referred to himself as "JAMES DIFOGGIO, d/b/a JAMES DIFOGGIO PLUMBING COMPANY (hereinafter "DIFOGGIO")." Defendant stated as follows in pertinent part:

> 8. *There was in effect on June 10, 1993, a written Collective Bargaining Agreement between Union and Defendant*, which Agreement was subsequently extended from time to time. True and correct copies of each Agreement

between Union and Defendant are attached as Exhibit A.

**ANSWER:** *DIFOGGIO admits the allegations contained in paragraph 8 of the Complaint.*

9. Each Agreement requires Defendant to pay certain contributions and deductions to Funds, Union, and Plumbing Council based on the amount of work performed by covered employees.

**ANSWER:** *DIFOGGIO admits the Collective Bargaining Agreement (hereinafter referred to as the "CBA") requires payment of certain contributions from deductions but denies that the CBA requires contributions and deductions payable to the Plaintiffs for work performed by Mario DiFoggio of which amount was included in the award of the Joint Arbitration Board (JAB).*

. . .

13. The <u>Decision and Award</u> also required Defendant, commencing with the month March, 2002, to report and contribute 40 hours each week for Michael DiFoggio.

**ANSWER:** *DIFOGGIO admits the <u>Decision and Award</u> required it to report and contribute 40 hours each week for Michael DiFoggio but denies that the JAB has any authority for such decisions based upon the CBA to require DIFOGGIO to report and contribute 40 hours each week from Michael DiFoggio unless Michael DiFoggio actually works 40 hours each week.*

14. The Decision and Award also required that, if Defendant failed to pay the full amount of the Decision and Award by March 15, 2002, Defendant must reimburse Union and Funds for all attorneys' fees and costs incurred to enforce the Decision and Award.

**ANSWER:** *DIFOGGIO admits the <u>Decision and Award</u> required it to pay the full amount by March 15, 2002, but denies that the Award was in fact correct in fact or in law and therefore denies any responsibility for the payment of the amount claimed or any attorney's fees and costs which may have been incurred by the Plaintiffs.*

(Answer, ¶¶ 8-9, 13-14 (emphasis added).) DiFoggio therefore admitted that he, individually and doing business as James DiFoggio

Plumbing Company, entered into the collective bargaining agreement and was bound by the arbitration award, which required him to report forty hours per week for Michael DiFoggio and make corresponding contributions.[2]

In his surreply brief, defendant fails to address these admissions that he, individually and doing business as the company, was bound by the arbitration award, and for the most part abandons his theory that only the corporation was bound. Instead, defendant presses his second argument, which is that "James DiFoggio Plumbing Company" no longer exists and that James DiFoggio no longer operates a plumbing company, has no employees, and specifically does not employ Michael DiFoggio. The precise issue, however, is not whether Michael DiFoggio is currently employed by defendant, but whether he was employed by defendant during the period of time for which plaintiffs seek contributions--June 1, 2004 through September 30, 2006.

James DiFoggio and Michael DiFoggio have filed affidavits that at least in part are relevant to this issue. Michael DiFoggio states in his affidavit that "[a]t no time, during 2004 or 2005 was I employed by J. DiFoggio Plumbing Company, Inc. or James DiFoggio

---

[2] In response to plaintiffs' motion for summary judgment, defendant contended that Michael DiFoggio was not a covered employee and that the arbitration board thus lacked jurisdiction to require contributions for him. We rejected the argument because there was no dispute that defendant received a copy of the award and failed to challenge the award within the ninety-day limitations period prescribed by the Illinois Arbitration Act. The award had become final after ninety days, and we held that plaintiffs were entitled to enforce it in this court.

in any manner whatsoever." (Def.'s Resp., Ex. D, Aff. of Michael DiFoggio, ¶ 1.) James DiFoggio states in his affidavit that "[a]t no time during the years 2004 or 2005, did I individually, nor did J. DiFoggio Plumbing Company, Inc., employ Michael DiFoggio in any manner to perform plumbing services, or other services, on behalf of J. DiFoggio Plumbing Company, Inc. or on my own behalf." (Def.'s Resp., Ex. E, Aff. of James DiFoggio, ¶ 4.) It is worth noting that these statements do not address whether Michael DiFoggio was employed by a successor entity operated by James DiFoggio or whether Michael DiFoggio worked for James DiFoggio in 2006.

Plaintiffs, on the other hand, have submitted monthly contribution reports that the funds received from defendant for the months of January, April, and May 2004 in which defendant himself reported that Michael DiFoggio worked 140 hours for each of those months. (Pls.' Reply, Ex. 3.) Defendant does not address these records in his surreply brief.

It appears, then, that an evidentiary hearing may be necessary to resolve the issue of whether Michael DiFoggio was employed by defendant from June 1, 2004 through September 30, 2006 or during any portion of that time period. Accordingly, plaintiffs' motion for entry of supplemental judgment is entered and continued until June 20, 2007 at 10:30 a.m., at which time a status hearing will be held to discuss the need for an evidentiary hearing and possibly to

schedule such a hearing.

DATE:        June 11, 2007

ENTER:       _____
             John F. Grady, United States District Judge